NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIGEL RAY LACHEY,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security; UNITED STATES
ATTORNEY FOR THE DISTRICT OF
NEVADA,

          Defendants-Appellees.

No. 21-17095

D.C. No. 2:20-cv-01438-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Brenda Weksler, Magistrate Judge, Presiding

Submitted September 19, 2023[**]

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Nigel Ray Lachey appeals pro se from the district court's judgment

affirming the Commissioner of Social Security's decision denying his application

for supplemental security income under Title XVI of the Social Security Act. We

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review the district court's decision de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Substantial evidence supports the ALJ's conclusion that Lachey did not meet or equal listing 12.04 at step three of his analysis.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00(A)(2), 12.04.  The ALJ correctly found (1) that Lachey neither had an extreme limitation in one area of mental functioning nor had marked limitations in two areas of mental functioning, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)(2)(b), and (2) that Lachey did not demonstrate that he only marginally adjusted the requirements of daily life despite ongoing treatment, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(G)(2).  We do not reach Lachey's assertion that he meets other unspecified listings.  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to reach issues that are not argued "with any specificity").

The ALJ also did not err by failing to develop the record, where the record does not indicate that Lachey's juvenile records were relevant or that an additional consultative examination was necessary.  *See* 20 C.F.R. § 416.912(b)(1) (establishing that the agency must develop the medical record only for the year preceding a claim "unless there is a reason to believe that development of an earlier period is necessary"); *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.

2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

To the extent that Lachey contends the ALJ did not allow him to review exhibits, prevented him from raising issues and presenting witnesses, improperly weighed medical opinions, and failed to consider evidence, we reject the contentions as unsupported by the record.

**AFFIRMED.**